BARBER et al,
*Appellants,*

*v.*

FREEMAN,
*Respondent.*

(A8410-06164; CA A38478)

742 P2d 711

Richard A. Uffelman, Portland, argued the cause for appellants. With him on the briefs was Buccino & Uffelman, P.C., Portland.

Dennis H. Elliott, Portland, argued the cause for respondent. With him on the brief was Elliott & Freedman, Portland.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

In January, 1984, plaintiffs sold a parcel of commercial property in Portland to defendant by a land sale contract for $89,000. A building located on the property could accommodate seven commercial tenants. At the time of the sale, the monthly rental income was $1,100. Shortly after the sale, defendant assigned his interest to third-party defendant Klimp.[1] Plaintiffs approved the assignment, but reserved their rights against defendant. Klimp began to demolish the building. Plaintiffs gave 30 days' notice to defendant to cure the damage and refused tender of the November, 1984, payment.

When the building was not returned to its original condition, plaintiffs brought this action, alleging that defendant had breached the contract by permitting waste in violation of section 5.1 and seeking acceleration of the contract balance which, at the time when this action was brought, was $71,000. The trial court found that defendant and his assigns did not keep the improvements in the condition that they were in at the contract date, but that acceleration was not a remedy, because plaintiffs' security was not impaired. We reverse.

Section 5.1 of the contract provides:

"Except as provided in this Section 5.1, [purchaser will] keep all buildings, other improvements and landscape now existing or which shall hereafter be placed on the Property in at least its present condition and repair and *not permit any waste or removal thereof, nor make any substantial improvements or alterations which reduce the value for security purposes without the prior written consent of Seller,* which consent shall not be unreasonably withheld. The parties agree that upon the reduction of the principal balance due seller under this Contract to FIFTY THOUSAND DOLLARS ($50,000) or less, Purchaser shall have the right at any time to remove the buildings, other improvements, and landscape now existing or which shall hereafter be placed on the Property." (Emphasis supplied.)

Plaintiffs argue that they do not have to prove impairment of their security interest in order to show a breach of section 5.1 and that, in the alternative, if it is necessary to

---

[1] The complaint against the third-party defendants has been dismissed and they are not parties to this appeal.

prove impairment, they have met that burden. Defendant contends that plaintiffs must show that their security interest was impaired and that they have not done so because, even assuming that the cost of returning the building to its original condition was five to ten thousand dollars, plaintiffs still have adequate security in the property. Defendant's rationale is that the parties anticipated that the building would be razed when the contract balance was $50,000. Therefore, the fair market value of the land was $50,000. The contract sale price of $89,000 for the land with the building, minus the $50,000 value of the land, makes the value of the building $39,000 at the time of the sale. If it would take $10,000 to restore the building, then the building in its present condition must be worth $29,000. Thus, defendant reasons that the land and the building are worth $79,000 and, because plaintiffs are owed only $71,000, plaintiffs' security has not been impaired.

This is an action for breach of contract, not an action for common law waste, and the language of the contract is controlling. The language of the contract does require that the "value for security purposes" be reduced. However, we conclude that plaintiffs have proven that the value for security purposes was reduced. At the time when the indebtedness was incurred, it was secured by property worth $89,000, including a building in good repair capable of generating rent of $1,100 per month. Plaintiff Evelyn Barber testified that, in selling the property on a contract rather than for cash, the fact that the security included a building in good shape and rentable was a consideration. After the building was damaged, plaintiffs no longer had the security of that rentable building. Had the building been maintained in its original condition, and had the plaintiffs been forced to take the property back at any time before the $50,000 was paid, the building would have remained a marketable commodity. Plaintiffs showed a material breach of section 5.1, and the contract remedy for acceleration of the contract balance should have been granted.

Reversed and remanded for entry of judgment for plaintiffs.